### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

CYNTHIA L. BANKS,

                          Plaintiff,

                                                    Case No. 5:14-cv-72-Oc-18JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                          Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

        This cause is before the Court on the Application for Attorney's Fees and Costs

Pursuant to the Equal Access to Justice Act (Doc. No. 22; "Application"), filed June 18, 2014.

Plaintiff also filed an Affidavit (Doc. No. 23) on June 30, 2014.  In the Application, Plaintiff

seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in

the amount of $1246.54.  Application at 2.  Plaintiff represents that Defendant does not

oppose the relief requested.  Id.

        Plaintiff's counsel indicates a total of 6.6 hours were expended in the representation

of Plaintiff before the Court.[2]  Id.; Affidavit of Attorney Time (Doc. No. 22-4) at 1-2.  Plaintiff

_____

        1        Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen
(14) days after service of this document.  Failure to file timely objections waives a party's right to de novo
review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

        2        The undersigned notes that 3.25 hours were expended prior to the filing of the Complaint
in this Court.  See Affidavit of Attorney's Time (Doc. No. 22-4) at 1.  The EAJA compensates for
reasonable fees necessarily incurred for "the preparation of [a] party's case."  McGuire v. Sullivan, 723
F. Supp. 1506, 1510 (N.D. Ga. 1989) (emphasis omitted) (citing 28 U.S.C. § 2412(d)(2)(A)); see Caylor
v. Astrue, 769 F. Supp. 2d 1350, 1252-53 (M.D.Fla. 2011) (collecting cases finding the same).  Given that
the 3.25 hours expended by counsel directly related to this "civil action," 28 U.S.C. § 2412(d)(1)(A), and
given that the Commissioner does not oppose this request, the undersigned finds these hours
compensable.

requests an hourly rate of $188.87.  Application at 2.  Plaintiff is seeking a higher hourly fee than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress.  See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased).  Having examined the Consumer Price Index and the representations made in the Application, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[3]

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel.  Application at 2; Social Security Fee Agreement (Doc. Nos. 22-2 to 22-3).  Plaintiff further represents that "[a]ny payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff owes a federal debt.  If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel."  Application at 2.

In light of the foregoing, it is

**RECOMMENDED THAT:**

1.     The Application for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. No. 22) be **GRANTED**.

---

[3]     See United States Dept. of Labor, Inflation Calculator, at http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 9, 2014).  In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed.  See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-OC-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

2.      The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $1246.54 pursuant to 28 U.S.C. § 2412(d).

3.      Any final order awarding attorney's fees pursuant to the EAJA include the following language: "Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff owes a federal debt.  If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel."

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 9, 2014.


*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge


jlk
Copies to:

Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of Record